PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY
SEEKING REVIEW OF PRISON DISCIPLINARY SANCTIONS

| United States District Court | Southern District of Indiana | |
|---|---|---|
| Name: OSCAR PEREZ | Prisoner No. 1637767 | CASE No. 1:23-cv-183-RLY-MKK |

Place of Confinement:

Alexander Corr. Institution
633 Old Landfill Rd.
Taylorsville, NC. 28681

FILED
01/27/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

OSCAR PEREZ #1637767    v.   Rebecca Holwerda
The Attorney General of The State of INDIANA          Todd Rokita

## PETITION

1) Name and location of Prison Disciplinary Body, which determined Guilt: Alexander Correctional Institution

2) Date of Guilt determination: 12-2-2022

3) Sanctions imposed: Loss of 60 days credit time, Restricted Housing for 30 days, Loss of recreation for 90 days, Total visitation Restriction For 90 days, Limited draw canteen 90 days.

4) Nature of rule infractions involved: A12 possession of a controlled substance

5) What was your Plea? Not Guilty

6) If you pleaded not guilty, what kind of disciplinary hearing did you have? Full Hearing

7) Did you testify at your disciplinary hearing? Yes

1

8) Did you appeal from the guilty determination and imposition of sanctions?.
Yes

9) If you did appeal, answer the following:
(a) Name and title of Reviewing Authority: Monica Bond, Chief Disciplinary Hearing officer.
(b) Result: Denied the Appeal
(C) Date of result: 1-5-2023
(d) Grounds raised: 1) Due Process Violations, Biased Investigating officer Carroll ordered the incident, become a witness to the incident, and handcuffed me and according to policy he was barred from being my investigating officer, He completely denied me all due process rights. The chance to have the evidence re-tested, call witnesses, ask for physical evidence, ask for any video evidence, make a written statement or ask for staff assisstance. He stated he gave me my rights and that I refused them and refused to sign anything. I never refused my rights he seen I was asleep and walked off. I didn't even get a yellow copy slid in my door which is policy. 2) That the DHO was not an Impartial decision maker. I explained the investigating officer denied me all rights and didn't give me any documentation. I told him he could review camera of the investigating officer at my door and he would see when he did my rights. He never opened my slot, knocked on my door, or slid me any paperwork. A mechanical act that could not be missed on camera. He refused to get a reinvestigation or review camera. 3) Improper Sanctions, as an Indiana Inmate Under the Interstate Corrections Compact My sentence cannot be altered. Also under Indiana law I cannot get visitation restriction as a disciplinary sanction. The fact that he did

2

not bother to look he had to get prior approval by the ICC coordinator. Before he took (60) days shows how arbitrary the hearing was.

(e) No further review was available after the first appeal. No further state remedies exist.

10) Have you previously filed any petitions, applications, or motions with respect to this Disciplinary Finding in any court, state or Federal? NO

11) GROUNDS:

(A) Ground 1: Investigating SGT. Carroll denied me all due process rights to loss of liberty without due process. Under the 14th Amendment of the U.S. Constitution. He denied me the ability to make a written statement, to ask to retest the evidence, a chance to call witnesses, to ask and inspect physical evidence, to request video evidence or electronic evidence, or to ask for staff assistance. I was also denied an impartial decision maker as it pertains to my rights and an investigation.

SUPPORTING FACTS: On 11-28-2022, Green Unit staff made a decision to search my cell after it had already been searched by other staff. That same day. The officers incharge of Green Unit that could make that decision is SGT. Carroll and SGT. Walsh. At around 11Am-11:50Am officer Stamper was waiting on me when I got of work (Green Unit Hall way) and proceeded to request a strip search of me after I had already been strip search 5 minutes prior. I told him it was harrasment and would file a grievance. He told me "we will show you what we think of your law suits." I complied and was let go to my cell. Around 2:00-2:10Pm officer Stamper returns with officer Hannah and go to my cell. (Green Unit A-block cells)

3

I am told I will be searched. I comply and attempt to watch the search. I am told to step away and in my absence within minutes claims to have found contraband. Off camera also. SGT. Walsh comes with SGT. Carroll and witness contraband coming out my cell. SGT. Walsh carries it and SGT. Carroll walks behind me and handcuffs me. On 11-29-22 SGT. Carroll is my investigating officer.(I'm in Lower Red C-Block Cell-3) According to witnesses he comes to my door and says "he's asleep" and says "oh well" and walks away. He documented I refused all my rights and refused to sign anything. SGT. Walsh backed him and became a witness. At no time did he knock on my door to wake me, open my slot, or slid me my Yellow DC-138 of my rights. I did not refuse my rights. On 12-2-22, I was found guilty. I was placed in Lower Red A-Block recreation cage around 8AM-10AM. I seen SGT. Carroll and asked him why did he document I refused my rights. He then states in front of witnesses; "You where sleep I was not trying to wake you and I was not trying to come back." I have some paralegal training and understand my rights. I've took other disciplinary charges to a Circuit Court. I would never forfeit my rights. In 16 years it would be the first documented time I refused my rights, in a disciplinary process. From my many cases in this District Court the Court could determine how unlikely that is. (see: 7th Cir. case No. 20-2079)

(a) <u>DENIAL OF WITNESSES</u>: I was denied the opportunity to call officer White and officer Ruff as witnesses. Who conducted my first cell search and the focus of my search was my legal materials. They could of testified that they did an extensive search of my cell and found no Suboxone in my cell. It would put into question how officer Stamper was able to find contraband in the same legal materials other officers searched with no contraband finds. Who he found something in only minutes of being in my cell off camera. I was denied the opportunity to call inmate

4

witnesses that would of testified about how often my legal documents get searched and that sometimes the searches take hours, days, or weeks and that every page is reviewed. That would of put into question how officer stamper found something in only minutes of searching my property. When other more trained officers with more help and more time have never found anything in my legal documents. That are constantly searched.

(b) <u>DENIAL OF VIDEO EVIDENCE</u>: I was denied the opportunity to show on video that my cell was searched that same day before officer Stamper searched it Green Unit A-Block Cell-45 3Am-6Am. With no contraband found. Video will also show officer Stamper waiting for me when I got off work. And making me do an extra search of my body. When I had already been stripped searched a few minutes before. And reflect our exchange in Green Unit Hall Way 11AM-11:50AM. Video was denied that showed how quick officer stamper found contraband when and after I was asked to walk away from the search. All this evidence would of questioned officer Stampers motivations. Possibly allow the DHO to determine that officer Stamper fabricated/planted contraband in my cell. Evidence was also denied that would of shown SGT. Carroll be a witness of the offense accused. Which by policy barred him from being my investigating officer.

(c) <u>DENIAL OF PHYSICAL EVIDENCE</u>: I was not allowed to examine or request the physical evidence against me. I was not allowed to see it. The actual contraband a picture or the possitive test or a picture of it. I was not allowed to request a recount/retest of the evidence. To confirm it's reliability. I was not allowed to present a documentation of how much legal work I have. And how unlike it was for Officer stamper to search 10,000 documents in a few

minutes. And find contraband. I was denied the opportunity to present documentation of the E-mails. That predicted SGT. Carroll and Officer Stampers actions months in advance. That something would be planted on me by the same officers involbed. The DHO could of considered this evidence and believed me and dismissed the charges against me.

(d) <u>DENIAL OF WRITTEN STATEMENT</u>: I was denied the opportunity to point out my defense in writing with corraborating exculpatory evidence to the DHO.

(e) <u>DENIAL OF UNBIASED DECISION MAKER</u>: I was denied the opportunity of an unbiased decision maker as it pertained to my rights and my investigation. My investigation was compromised because my investigating officer was biased. Because SGT. Carroll was a direct witness to alleged contraband coming out of my cell. He shouldn't of been my investigating officer. My guilt had been established in his mind. As a result he not only denied me all my rights. He actually fabricated that I refused my rights. Which I did not.

(B) <u>Ground 2</u>: The Disciplinary Hearing Officer Mr. Laws deprieved me of liberty and gave me punitive consequences without due process afforded. Against the 14th Amendment of the United States Constitution. By not being an impartial decision maker.

<u>SUPPORTING FACTS</u>: On 12-2-2022, I went to my disciplinary hearing. But not before assistant officer Church stated. "If you plead guilty he will be lenient. (Mr. Laws) but if theres any evidence you will be found guilty." I entered the

6

office infront of the DHO Mr. Laws around 9:00AM-9:20AM. I explained that I could not plead guilty and that all my due process rights where denied to me. By the investigating officer SRG. Carroll. That he could review camera footage and it would show that SGT. Carroll never handed me my rights, knocked on my door, opened my slot, or slid me any paperwork which is standard procedure. He flat out documented I refused to sign my rights or put I didn't ask for anything to mount a defense. I told him if he looked at my last write up he would see I took advantage of all my rights. And that SGT. Carroll was a witness to the incident that he should not have been my investigating officer. I could show it on camera. I also explained that the alleged evidence I never got to see is suspicious how Pert and SRG and other staff searched my cell before officer Stamper and he found something in 10,000 documents in a few minutes. I was found guilty.

(a) DHO NOT IMPARTIAL DECISION MAKER: The DHO was not an impartial decision maker. Because he fabricated that I received my rights. My rights sheet does not even have my signature. I clearly told him SGT. Carroll was a witness to the incident and should not be my investigating officer per policy. And I told him he- SGT. Carroll did not give me my rights or the opportunity to mount a defense. Mr. Laws is more aware of the disciplinary process then most officers. Once I stated SGT. Carroll was a witness and a investigating officer to the same incident. He should of verified, dismissed, or sent my reinvestigation with different officers. Also when I alleged/told him SGT. Carroll lied and refused me all my rights. This was something that compromises the entire process. He could of easily verified on camera footage to obtain confirmation but he didn't, or did. It would show if SGT. Carroll even slid me any paperwork or if both him and his witness are at my door after getting my attention to refuse my rights or to sign. These are mechanical actions that cannot be missed on camera. Also the DHO only reported a portion of my verbal statement. Not the

7

relevant portions of being denied due process. At the very minimum Mr. Laws could of sent my write up back for a re-investigation to cure deficiencies. Nothing would of been lost and he would of protected the due process. But it seems Mr. Laws only cares about evidence and not due process, or how that evidence got to be.

(6) <u>IMPROPER SACTIONS</u>: I am an inmate out of Indiana here pursuant the (ICC) Interstates Corrections Compact. With an Indiana sentence not a North Carolina sentence. Indiana has to delegate or authorize an alteration to my sentence, or time of confinement. If Mr. Laws would of looked at his screen he would of realized. Yet he took (60) days of credit time from me. Which shows how arbitary the hearing was. Mr. Laws cannot alter a sentence from a diffrent jurisdiction without prior approval. And those decisions are made by the ICC Coordinator not a DHO.

12) Do you have any petition or appeal now pending in any court or administrative agency, either State or Federal, as to the judgment under Attack? NO

13) Give the name, Title or Opus numbers, if known, of each offender, or any staff or lay advocates, who represented you in the following stages of disciplinary proceedings in the following stages of the judgment under attack herein:

(a) At Disciplinary Hearing: No One
(b) At Institutional Level: No One
(c) At NCDPS Level Appeal: No one

WHEREFORE, Petitioner prays the Court grants Petitioners request for relief and overturns the disciplinary conviction and its sanctions. And orders the expungement of his disciplinary record. As it pertains to this offense. Or grant any other relief that he may be entitled to in this proceeding.

Respectfully Submitted,

Oscar Perez #1637767
Petitioner
Oscar Perez

## DECLARATION AND VERIFICATION

I, Oscar Perez, the Petitioner Pursuant to 28 U.S.C. § 1746 declare under penalty of perjury that the foregoing is true and correct.

Oscar Perez #1637767
Petitioner
Oscar Perez